IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ERIC WATKINS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:09cv486 |
| MICHAEL W. GARRETT | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eric Watkins, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont Texas, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be dismissed as moot.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

After carefully considering the objections filed by the petitioner, the court is of the objections are without merit. As petitioner, formerly a federal prisoner, was not convicted and sentenced in this court, his release from prison rendered his habeas challenge to a prison disciplinary conviction moot. *Lawson v. Berkebile*, 308 Fed.Appx. 750, (5th Cir. 2009).

Petitioner also assert his claim is not moot because he also seeks declaratory relief in the form of an order declaring his constitutional rights were violated. The Declaratory Judgment Act, 28 U.S.C. § 2201, creates a procedural remedy by granting parties a judicial declaration of their rights under federal law. However, this statute does not create a separate cause of action. In order to proceed under the statute, subject-matter jurisdiction must exist. *Aetna Life Ins. Co. of*

*Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937) ("The operation of the Declaratory Judgment Act is procedural only."); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("Congress enlarged the range of remedies available in federal courts, but did not extend their jurisdiction. When concerned as we are with the power of the inferior federal courts to entertain litigation within the restricted area to which the Constitution and Acts of Congress confine them, 'jurisdiction' means the kind of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act.). As a result, a petitioner seeking declaratory relief must assert a substantive federal claim prior to obtaining relief. When petitioner was released from prison the court became unable to afford him any habeas relief with a favorable decision, rendering his habeas claim moot and depriving the court of subject-matter jurisdiction over the claim. As the court lost subject-matter jurisdiction over petitioner's habeas claim at the time of petitioner's release, it also lost subject-matter jurisdiction over his request for declaratory relief.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment shall be entered dismissing the petition.

So **ORDERED** and **SIGNED** this **17** day of **August, 2011.**

_____
Ron Clark, United States District Judge